IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02087-BNB

LUIS MIGUEL DORADO LANDA,

    Applicant,

v.

[NO NAMED RESPONDENT]

    Respondent.

ORDER OF DISMISSAL

    Applicant, Luis Miguel Dorado Landa, is an inmate at the Jefferson County Detention Facility in Golden, Colorado. Mr. Landa initiated this action by filing *pro se* a document titled "Information and Instructions for Filing an Application for a Writ of Habeas Corpus Under 28 U.S.C. § 2254 (Persons in State Custody," (ECF No. 1) in which he challenges his incarceration at the Jefferson County Jail. The instant action was commenced and, on July 29, 2014, Magistrate Judge Boyd N. Boland entered an order (ECF No. 3) construing the document as a habeas application filed pursuant to 28 U.S.C. § 2241 and directing Mr. Landa to cure certain deficiencies if he wished to pursue any claims. Specifically, Magistrate Judge Boland ordered Mr. Landa to file an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and either to pay the $5.00 filing fee for a habeas corpus action or to file a properly supported Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action. Mr. Landa was warned that the action would be dismissed without further notice if he failed to cure the deficiencies within thirty days.

On August 6, 1014, Mr. Landa submitted a Motion for Leave to Proceed Without the Payment of Costs (in forma pauperis) (ECF No. 4); Petition for a Writ of Habeas Corpus Ad Prosequendam (ECF No. 5); Motion to Waive Filing Fee (ECF No. 6); and Motion to Consolidate Sentences (ECF No. 7).  On August 14, 2014, Magistrate Judge Boland found that none of the documents complied with the July 29 Order but granted Mr. Landa an additional thirty (30) days to file the § 2241 application and § 1915 motion and affidavit on the court-approved forms.  Mr. Landa was warned that failure to comply would result in dismissal of this action without further notice.

Mr. Landa has failed to cure the deficiencies within the time allowed and has failed to respond in any way to Magistrate Judge Boland's August 14 minute order.  Therefore, the action will be dismissed without prejudice for failure to cure the deficiencies.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Applicant files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the action is dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure because Mr. Landa failed to cure the deficiencies as directed.  It is

FURTHER ORDERED that no certificate of appealability will issue because

Applicant has not made a substantial showing of the denial of a constitutional right. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit. It is

FURTHER ORDERED that all pending motions are denied as moot.

DATED at Denver, Colorado, this  24th  day of   September  , 2014.

BY THE COURT:

 s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court